White, J.
The code is modeled largely after the remedial system of courts of equity. This is especially so in its provisions respecting the parties and pleadings in an action.
At common law, on the death of a party, the action, as respects his interest, absolutely abated; and although the cause of action survived, it could only be made available to his representative by the commencement of a new action. The inconvenience resulting from this defect in the common law system of remedies, was obviated by providing, by statute, a summary mode for making the representative of the deceased party, where the cause of action survived, a party to the action.
In equity, a suit became defective during its pendency in various ways, and, among others, by the death of a party. But where the cause of action survived, it did not abate so that on proper application by the representative, it could not continue to be prosecuted for his benefit. The means, of supplying the defects of a suit, where it abated by the death of a party, and of obtaining the benefit of it, were, by bill of revivor, by bill of revivor and supplement, and by original bill in the nature of a bill of revivor. Mitf. Eq. PI. *57, *61.
These destinations were abolished by the code, and the *187 only forms of pleading now allowed are such as the code prescribes.
The question in the case is whether the rights that were formerly obtained in one of these modes, can not now be asserted unless the action be revived in the mode prescribed, and within the time limited in title 13, chapter 1, of the code.
That chapter of the code provides for reviving the action, where the right of action survives, by a conditional order of the court, if made in term, or by a judge, if in vacation. The order is to be served in the mode prescribed, and if sufficient cause be not shown against the revivor, the action stands revived. The order can not be made except by consent, unless within one year from the time it could have been first made. When, under the provisions contained in the chapter, an action stands revived, the trial is not to be postponed by reason of the revivor, if the action would have stood for trial in case no revivor had become necessary.
Title 3 of the code treats of the general rules in regard to parties, and of the authority of the court to allow a change of parties, and to require others to be brought in, when necessary toa determination of the controversy. Under this title, section 39 provides, among other things, that an action does not abate by the death of a party during its pendency, if the cause of action survive or continue. “ That in case of the death ... of a party, the court may allow the action to continue by or against his representative or successor in interest.”
Now, if the only mode of continuing an action by or against the representatives of a party dying during its pend-ency, is as provided in chapter 1, title 13, the above provision in section 39 is useless and can have no practical effect. The chapter on the subject of reviving by conditional order would have the same effect without the provision as with it. On the other hand, if the chapter referred to were stricken from the code, the court would have full- power, under section 39, in the exercise of a legal discretion, to *188 allow the action to be continued by or against the representative or successor in interest of tbe deceased party.
The limiting the right of continuing an action against the representative of a party to the year within which a conditional order may ber made, would evidently in many cases work great inconvenience, and sometimes defeat the end of justice. In equity cases,' the parties are often very numerous, many of them living remote from the place of litigation. If the failure to revive an action against the representatives of a necessary party within the time allowed for a conditional order, necessarily defeats the action, the consequences may be very serious to litigants chargeable with no laches. That a new suit may be brought is true; but, in the meantime, the cause of action may have become barred. Besides, whatever expense may have been incurred or progress made in the former suit, in the way of taking testimony or otherwise, goes for nothing. If a new action has not become barred, the representatives of the deceased party would not be benefited, while the opposite party would be unnecessarily embarrassed. The tendency of the rule would be to multiply litigation and prolong the final determination of the controversy.
No such absolute limitation upon the right of reviving an. action was found in the former practice. And before we are authorized to say it was intended to be introduced by the code, we think the intention ought to be more clearly evinced.
While we have not found the question free from difficulty, we have arrived at the conclusion that a fair construction of thb code warrants us in laying down the following propositions as applicable’to the ease :
1. The right to revive an action, under title 13, chapter 1, of the code, is not dependent on the discretion of the court or of the judge making the order, but, under the conditions and within the time therein limited, is a matter of right.
2. The chapter of the code above referred to, provides a summary remedy for reviving an action, but the remedy thus provided is not exclusive. The court has power, under section 39 of the code, in the exercise of a sound discretion, *189 to allow the action to be prosecuted by or against the representatives or successor in interest of a deceased party. For this purpose, supplemental pleadings may be allowed and process served as in the commencement of an action.
3. The court, in the exercise of this discretion, is governed by the equitable principle which requires reasonable diligence and good faith on the part of those invoking its action; and where the time has elapsed within which an action can be revived by a conditional order, as provided for in title 13, chapter 1, of the code, the application for leave to continue the suit by supplemental pleading may be granted or refused, according to the nature and circumstances of the case.
In regard to the application of these principles, it is only necessary now to say that the present ease is one, in its nature and circumstances, clearly justifying the grantingof leave to revive and continue the action against the administrators of Jennings.
It is also contended, on behalf of the administrators of Jennings, that as Carter died pending this proceeding to revive the action against them, the action can not be revived on behalf of his administrator. We do not concur in this view. At the time of Carter’s death, the action was pending on the supplemental petition of Carter for the purpose of revivor and final disposition.
After Carter’s death, his administrator- became entitled, within the proper time, to have the action revived in his name by conditional order.
The order having been made, and duly served on the administrators of Jennings, and no sufficient cause being shown to the contrary, the action is ordered to stand revived in the name of Carter’s administrator.
On the supplemental petition, the action is ordered to be revived against the administrators of Jennings. As to all other matters, the cause is remanded to the District Court for further proceeding.
Day, C. J., McIlvaine, Welch, and Stone, JJ., concurred,